**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RODERICK O. BROOKS, JR.** ) | **Civil Action No.** |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | |
| **GLOBAL CREDIT & COLLECTION** ) | |
| **CORPORATION** ) | |
| **and** ) | |
| **SUN EAST FEDERAL CREDIT UNION** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I. INTRODUCTION

1.     This is an action for damages brought by individual consumers for Defendants'
violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the
"FDCPA") and the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq*. (hereafter the
"EFTA").

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331,
1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.     Plaintiff Roderick O. Brooks, Jr. is an adult individual residing at 310 Belvue
Terrace, Aston, PA 19014.

5.      Defendant Global Credit & Collection Corporation ("GCC") is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 300 International Drive, Suite 100, Williamsville, NY 14221.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant Sun East Federal Credit Union ("Sun East") is a business entity that regularly does business in this Commonwealth with its principal place of business located at 4500 Pennell Road, Aston, PA 19014.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  <u>FACTUAL ALLEGATIONS</u>

7.      At all pertinent times hereto, Defendant GCC was hired by Capital One to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Capital One (hereafter the "debt").

8.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9.      On or about March 12, 2009, Defendant GCC contacted Plaintiff in an attempt to coerce payment of the debt.  During the conversation, Plaintiff agreed to a payment plan with Defendant GCC.  Under the terms of the plan, Plaintiff would pay Defendant GCC $100.00 per month towards the debt (hereafter referred to as the "Agreement.")

10.     From March 2009 through July 2009, inclusive, Plaintiff and Defendant GCC adhered to the Agreement.  At no point during this time frame did either of the Defendants notify Plaintiff of any withdraw.

2

11.     On or about August 7, 2009, Plaintiff was working at his place of employment and had no contact with the Defendant GCC.

12.     On August 8, 2009, Defendant GCC breached the Agreement when it withdrew $573.73 (the "8/8/09 Withdraw") from Plaintiff's bank account without his authorization. Additionally, Defendants did not notify Plaintiff of the withdraw.

13.     In response to the above, on or about August 8, 2009, Plaintiff contacted Defendant GCC.  During the conversation, Plaintiff questioned the withdraw from his account, to which Defendant GCC replied by falsely stating Plaintiff had given consent to the withdraw on August 7, 2009.

14.     Following the above, Plaintiff made numerous requests to Defendant GCC for the refund of the above referenced withdraw and was refused the same.

15.     The Defendant GCC acted in a false, deceptive, misleading and unfair manner when it breached its agreement with Plaintiff.

16.     Defendants knew or should have known that its actions violated the FDCPA and the EFTA. Additionally, Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA and the EFTA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

17.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

18.     At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

3

19.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, extreme physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA
### (Plaintiff v. GCC)

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     Defendant GCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23.     The above contacts between Plaintiff and Defendant GCC are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24.     Defendant violated the FDCPA. Defendant GCC's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, as evidenced by Defendant GCC's use of false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

25.     Defendant GCC's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

26.     As a result of the above violations of the FDCPA, Defendant GCC is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and

4

costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendant GCC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant GCC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

**VI.     SECOND CLAIM FOR RELIEF-VIOLATION OF THE EFTA**
**(Plaintiff v. GCC and Sun East)**

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) of the EFTA.

29.     All withdraws referenced in Paragraphs 10 and 12 of this Complaint were "preauthorized transfers" as defined by 15 U.S.C. § 1693a(9) of the EFTA.

30.     Defendants violated the EFTA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1693e(a) and 1693e(b) as evidenced by failing to obtain written authorization from Plaintiff prior to and failing to notify Plaintiff of the preauthorized transfers, as defined in Paragraphs 10, 12 and 29 of this Complaint.

31.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

32.     As a result of the above violations of the EFTA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. §1693m(a)(1);

(b)     That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1693m(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VII.     JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        GEOFFREY BASKERVILLE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

DATE: March 3, 2010                 Attorneys for Plaintiff